# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Derrick Valentine,<br><br>        Plaintiff,<br><br>  v.<br><br>State of Nevada,<br><br>        Defendants. | Case No. 2:23-cv-273-GMN-BNW<br><br>**ORDER** |

Pro se Plaintiff Derrick Valentine brings this lawsuit and moves to proceed *in forma pauperis* (IFP). *See* ECF No. 1.

Under 28 U.S.C. § 1915(a)(2) and Local Rule LSR 1-2, an incarcerated plaintiff seeking to proceed without paying the filing fee must complete an application to proceed IFP and attach (1) an inmate account statement for the past six months, and (2) a financial certificate from the institution where he is incarcerated certifying the amount of funds in plaintiff's inmate trust account at the institution.

Plaintiff submitted the affidavit required by 28 U.S.C. § 1915(a)(1) showing an inability to prepay fees or costs or give security for them. However, he has not submitted a financial certificate from the institution. Accordingly, the Court will conditionally grant his request to proceed *in forma pauperis* but will require Plaintiff to submit the financial certificate by October 18, 2023. The court now screens Plaintiff's complaint.

**I.    ANALYSIS**

    **A.    Screening standard**

Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C.§ 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C.

§ 1915A(b)(1),(2). In addition to the screening requirements under § 1915A, the Prison Litigation Reform Act requires a federal court to dismiss a prisoner's claim if it "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); *accord* FED. R. CIV. PROC. 12(B)(6).

Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court liberally construes *pro se* complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

In considering whether the complaint is sufficient to state a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.* Unless it is clear that the complaint's deficiencies could not be cured through amendment, a *pro se* plaintiff should be given leave to amend the complaint with notice regarding the complaint's deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

**B.      Screening the complaint**

Plaintiff's complaint does not contain sufficient information for the Court to assess whether he can state a claim. Plaintiff's complaint contains only a few factual allegations (which are hard to understand). *See* ECF No. 1-1.

Even liberally construing Plaintiff's complaint, it does not contain sufficient factual allegations for the Court to assess whether Plaintiff can state a claim. Accordingly, the Court will dismiss Plaintiff's complaint without prejudice and with leave to amend. To help Plaintiff file a

properly formatted complaint, the Court advises Plaintiff of the following requirements under the Federal Rules of Civil Procedure.

First, Plaintiff is advised that he must specify which claims he is alleging against which defendants. Although the Federal Rules of Civil Procedure adopt a flexible pleading policy, Plaintiff still must give defendants fair notice of each of the claims he is alleging against each defendant. Specifically, he must allege facts showing how each named defendant is involved and the approximate dates of their involvement. Put another way, Plaintiff should tell the Court, in plain language, what each defendant did to him and when. "While legal conclusions can provide the framework of a complaint, they must be supported with factual allegations." *Iqbal*, 556 U.S. at 679.

Second, Plaintiff's amended complaint must be short and plain. The simpler and more concise Plaintiff's complaint, the easier it is for the Court to understand and screen it. The Federal Rules also require this. Under Federal Rule of Civil Procedure 8, Plaintiff's amended complaint must contain "a short and plain statement of the claim showing that [Plaintiff] is entitled to relief." FED. R. CIV. P. 8(A)(2). "Each allegation must be simple, concise, and direct." FED. R. CIV. P. 8(D)(1). "A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." FED. R. CIV. P. 10(B). "[E]ach claim founded on a separate transaction or occurrence . . . must be stated in a separate count." *Id.*

Third, Plaintiff may not raise multiple unrelated claims in a single lawsuit. The Federal Rules of Civil Procedure do not permit a litigant to raise unrelated claims involving different defendants in a single action. A basic lawsuit is a single claim against a single defendant. Federal Rule of Civil Procedure 18(a) allows a plaintiff to add multiple claims to the lawsuit when those claims are against the same defendant. Federal Rule of Civil Procedure 20(a) allows a plaintiff to add multiple parties to a lawsuit where the right to relief arises out of the "same transaction, occurrence, or series of transactions or occurrences." FED. R. CIV. P. 20(A)(2)(A). "However, unrelated claims that involve different defendants must be brought in separate lawsuits." *Bryant v. Romero*, No. 1:12-CV-02074-DLB PC, 2013 WL 5923108, at *2 (E.D. Cal. Nov. 1, 2013) (citing

*George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007)). This rule is intended to avoid confusion, which arises out of bloated lawsuits.

Lastly, Plaintiff's amended complaint must be complete in and of itself. If Plaintiff chooses to file an amended complaint, he is advised that an amended complaint supersedes the original complaint and, thus, the amended complaint must be complete by itself. *See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) (holding that "[t]he fact that a party was named in the original complaint is irrelevant; an amended pleading supersedes the original"); *see also Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (holding that for claims dismissed with prejudice, a plaintiff is not required to reallege such claims in a subsequent amended complaint to preserve them for appeal). Plaintiff's amended complaint must contain all claims, defendants, and factual allegations that Plaintiff wishes to pursue in this lawsuit. Moreover, Plaintiff must file his amended complaint on this Court's approved form, which the Clerk of Court will send Plaintiff.

## II.     CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiff's application to proceed *in forma pauperis* (ECF No. 14) is **GRANTED** subject to him providing the financial certificate within 30 days of this Order.

**IT IS FURTHER ORDERED** that the Clerk of Court must detach and separately file Plaintiff's complaint (ECF No. 1-1).

**IT IS FURTHER ORDERED** that Plaintiff's complaint is dismissed without prejudice.

**IT IS FURTHER ORDERED** that if Plaintiff wishes to file an amended complaint, he must do so by October 18, 2023. Failure to comply with this order will result in a recommendation that this case be dismissed.

DATED: September 18, 2023

BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE

4